

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| ROBERT CARVER, | § | No. 08-12-00298-CR |
| Appellant, | § | Appeal from the |
| v. | § | 362nd District Court |
| STATE OF TEXAS, | § | of Denton County, Texas |
| State. | § | (TC# F-2010-1715-D) |

**O R D E R**

Pending before the Court are two motions by Appellant, pro se, to amend or supplement the appellate record. We grant the motion in part and deny in part.

Appellant first requests that the record be amended to include the closing arguments, charge conference, and the reading of the jury's verdict in open court from the punishment phase of trial. This portion of the record has been lost and the trial court has entered written findings of fact and conclusions of law related to the loss of this portion of the record. Accordingly, Appellant's request to supplement the record with this portion of the reporter's record is DENIED. The Clerk of the Court is directed to provide Appellant with a copy of the written findings of fact and conclusions of law related to the loss of this portion of the record.

1

Appellant next requests that the clerk's record be supplemented with the juror information forms. Information about the jurors is confidential and may not be disclosed except on a showing of a good cause. TEX.CODE CRIM.PROC.ANN. Art. 35.29. Appellant's request to obtain this information is DENIED because he has not made the required showing.

Appellant asks that the record be supplemented to include the transcript of grand jury testimony, including any exculpatory statements made by witnesses in the grand jury. The Court has reviewed the reporter's record of the trial and it appears that no grand jury testimony was introduced in evidence. Consequently, the items requested by Appellant cannot be made part of the appellate record because they were not part of the record in the trial court. This part of Appellant's motion to amend or supplement is DENIED.

Appellant also moves that the record be supplemented to include any special requested instructions and the trial court's rulings on same. The record does not indicate that Appellant submitted any special requested instructions to the trial court. This request to amend is DENIED.

Appellant asks that the record be amended to include any objections to the trial court's charge at the guilt-innocence phase of trial. The charge conference is recorded in Volume 7, pp. 5-8 of the reporter's record and there is nothing to indicate any other charge conference occurred at trial. Appellant's request is DENIED.

Appellant also seeks to have the clerk's record supplemented to include the jury panel list and the strike lists. This request is GRANTED. The trial court clerk is therefore ORDERED to prepare a supplemental clerk's record containing the jury panel list and the strike lists. The supplemental clerk's record must be filed no later than October 10, 2013. Appellant's motions to supplement are otherwise DENIED.

IT IS SO ORDERED this 25th day of September, 2013.


PER CURIAM

Before McClure, C.J., Rivera and Rodriguez, JJ.

2